UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN THE MATTER OF | ) BANKRUPTCY NO. |
| | ) 10-00912 |
| TRAVIS C. DINNEN | ) (CHAPTER 7) |
| | ) |
| DEBTOR. | ) MOTION TO LIFT |
| | ) AUTOMATIC STAY |
| | ) |

U.S. Bank, National Association (hereafter USB) for its Motion to Lift Automatic Stay against

the Debtor, Travis C. Dinnen, respectfully shows the following:

1.      This action is brought pursuant to 11 U.S.C. 362(d).  This action seeks relief from a stay

as said stay may apply to the foreclosure of a real estate mortgage held by USB on real estate legally

described as:

> Unit 5008 in The Villas at Orchard Hills, a Horizontal Property Regime,
> now included in and forming a part of the City of Norwalk, Warren
> County, Iowa, together with the undivided interest in the general and
> limited common elements appurtenant to such unit as provided in the
> Declaration of Submission to Horizontal Property Regime referred to
> below, and located upon the property described therein, as set forth in
> Declaration of Submission recorded in Book 2006 Page 3985, and as
> amended and with all other interests appurtenant to such units pursuant
> to said Horizontal Property Regime.

and locally known as 601 Orchard Hills Drive Unit 8008, Norwalk, IA 50211, owned by the Debtor in

Warren County, Iowa.

2.      Travis C. Dinnen filed a Petition under 11 U.S.C. Chapter 7 of the Bankruptcy Act on

March 3, 2010, with the United States Bankruptcy Court for the Southern District of Iowa and pursuant

thereto, Thomas L. Flynn has been appointed Chapter 7 Trustee.

3.      That USB is a secured creditor of the Debtor.

4.      That attached hereto and marked as Exhibit "A" is a copy of the Promissory Note, Exhibit

"B" the Real Estate Mortgage and Exhibit "C" the Assignment of Mortgage for the above-described

property.

5.      Debtor has failed to make his monthly mortgage payments from February 1, 2010 through May 1, 2010 with a current delinquency of $778.03.

6.      USB seeks a determination pursuant to 11 U.S.C. 362(d) lifting the automatic stay so as to allow it to initiate foreclosure proceedings on its mortgage lien for the following reasons:

    a.  There is no realizable equity in the property Creditor seeks to foreclose against. a

    b.  Mortgage payments are due from February 1, 2010.

    c.  Adequate protection has not been afforded USB with respect to its interest in the property.

**WHEREFORE**, USB prays for an Order lifting the automatic stay arising by operation of 11 U.S.C. 362(d) as it relates to initiating foreclosure proceedings against the following described real estate:

> Unit 5008 in The Villas at Orchard Hills, a Horizontal Property Regime, now included in and forming a part of the City of Norwalk, Warren County, Iowa, together with the undivided interest in the general and limited common elements appurtenant to such unit as provided in the Declaration of Submission to Horizontal Property Regime referred to below, and located upon the property described therein, as set forth in Declaration of Submission recorded in Book 2006 Page 3985, and as amended and with all other interests appurtenant to such units pursuant to said Horizontal Property Regime.

and locally known as 601 Orchard Hills Dr. Unit 8008, Norwalk IA 50211.

Dated at Des Moines, Iowa this ___ day _____, 2010

DAVID L. WETSCH
IS9998933
974 73rd Street, Suite 20
Des Moines, IA  50312-9150
Telephone:  515-223-6000

D:\Firstar\Dinnen\MFR.docx

COPY TO:

Travis C. Dinnen
601 Orchard Hills Drive, Unit 8008
Norwalk, IA  50211

### PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was
served upon the parties to this action by serving a copy upon each
of the above on _____, 2010 by

☑ U.S. Mail                    ☐ FAX

☐ Hand Delivered               ☐ Electronic Mail

☐ FedEx/ Overnight Carrier     ☐ Other

Signature: _____

U.S. Trustee
Suite 793 Federal Building
210 Walnut Street
Des Moines, IA 50309

Alex P. Galyon
321 E. Walnut Street, Ste 200
Des Moines, I a 50309

Thomas L. Flynn
666 Walnut Street, Suite 2000
Des Moines, IA 50309

### PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was
served upon the parties to this action by serving a copy upon each
of the attorneys listed above on _____, 2010 by

☐ U.S. Mail                    ☐ FAX

☐ Hand Delivered               ☑ Electronic Mail

☐ FedEx/ Overnight Carrier     ☐ Other

Signature: _____

LOAN: 7891316321

# BALLOON NOTE
(Fixed Rate)

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

| DECEMBER 20, 2007 | DES MOINES | IOWA |
|---|---|---|
| [Date] | [City] | [State] |

601 ORCHARD HILLS DR#5008, NORWALK, IOWA 50211
[Property Address]

**1.  BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $   22,130.00            (this amount is called "Principal"), plus interest, to the order of Lender. Lender is  U.S. BANCORP ADVANTAGE LLC

I will make all payments under this Note in the form of cash, check or money order. .
I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.  INTEREST**
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of   8.375      %.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3.  PAYMENTS**
(A) Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make my monthly payments on the   FIRST    day of each month beginning on FEBRUARY 1, 2008  .
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on   JANUARY 1, 2023                            , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at
P.O. BOX 20005, OWENSBORO, KY 42304-0005
or at a different place if required by the Note Holder.
(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $      168.20

MULTISTATE  BALLOON  FIXED  RATE  NOTE - Single  Family - FANNIE  MAE  UNIFORM  INSTRUMENT         Form 3260 1/01
Page 1 of 3

Wolters Kluwer Financial Services - VMP ®-870N (0205).01 :     Initials: 



    **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

    If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**SEE ADDENDUM TO NOTE: NOTICE ATTACHED HERETO AND MADE A PART HEREOF.**

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)      _____ (Seal)
-Borrower    TRAVIS C DINNEN                -Borrower

_____ (Seal)      _____ (Seal)
-Borrower                                             -Borrower

_____ (Seal)      _____ (Seal)
-Borrower                                             -Borrower

_____ (Seal)      _____ (Seal)
-Borrower                                             -Borrower

Pay to the order of
U.S. Bank N.A.
Without Recourse
US Bancorp Advantage LLC

By_____
     Corey Finch
     Mortgage Banking Officer

*[Sign Original Only]*

LOAN:  7891316321

# ADDENDUM TO NOTE:
## NOTICE

ORAL OR IMPLIED CHANGES TO THE ACCOMPANYING CREDIT AGREEMENT OR ANY OTHER CREDIT AGREEMENT(S) (EXCEPT CONSUMER LOANS OR OTHER EXEMPT TRANSACTIONS) WITH THIS LENDER ARE NOT ENFORCEABLE AND SHOULD NOT BE RELIED UPON.

IMPORTANT:  READ BEFORE SIGNING THE AGREEMENT(S) ACCOMPANYING THIS NOTICE.

THE TERMS OF THE AGREEMENT(S) SHOULD BE READ CAREFULLY BECAUSE ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE.  NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THE WRITTEN CONTRACT MAY BE LEGALLY ENFORCED.  YOU MAY CHANGE THE TERMS OF THE AGREEMENT(S) ONLY BY ANOTHER WRITTEN AGREEMENT.  THIS NOTICE ALSO APPLIES TO ANY OTHER CREDIT AGREEMENT(S) (EXCEPT CONSUMER LOANS OR OTHER EXEMPT TRANSACTIONS) NOT IN EFFECT BETWEEN YOU AND THIS LENDER.

The undersigned Borrower(s) acknowledge(s) receipt of a copy of this Instrument.

| | |
|---|---|
| TRAVIS C DINNEN _____ 12-22-07 | _____ |
| Date | Date |
| _____ | _____ |
| Date | Date |
| _____ | _____ |
| Date | Date |
| _____ | _____ |
| Date | Date |

Iowa Addendum to Note I4044 (3/22/96) revised 12/99

WARREN COUNTY, IOWA
FILED FOR RECORD

07 DEC 21 PM 2:45

BOOK 2007 PAGE 12174
POLLY J. GLASCOCK, RECORDER

_____DEPUTY

Prepared by: KIMBERLY EVERHART
            **U.S. BANCORP ADVANTAGE LLC**
            **1550 AMERICAN BOULEVARD EAST**
            **BLOOMINGTON, MN  55425**
            **952-851-5978**
Return To:  **U.S. BANCORP ADVANTAGE LLC**
            **1550 AMERICAN BLVD EAST**
            **BLOOMINGTON MN 55425**

## MORTGAGE

LOAN: **7891316321**                        MIN    **100021278913163213**
    THIS MORTGAGE is made this **20TH**   day of **DECEMBER    2007** , between the Mortgagor,
**TRAVIS C DINNEN (UNMARRIED)**

(herein "Borrower"), and the Mortgagee, Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

**U.S. BANCORP ADVANTAGE LLC**                        , ("Lender") is organized and
existing under the laws of    **THE STATE OF MINNESOTA**              , and has an address of
**4801 FREDERICA STREET, OWENSBORO, KY 42301**

    WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $     **22,130.00**        ,
which indebtedness is evidenced by Borrower's note dated    **DECEMBER 20,2007**
and extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of indebtedness, if not sooner paid, due and payable on
**JANUARY 1,2023**        ;
    TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in the County of    **WARREN**                    , State of Iowa:
**SEE ATTACHED**

Parcel ID Number:    **NOT YET SUBDIVIDED**
which has the address of  **601 ORCHARD HILLS DR#5008**                        [Street]
**NORWALK**                            [City], Iowa  **50211**        [ZIP Code]
(herein "Property Address");

**IOWA** - SECOND MORTGAGE - 1/80 - FNMA/FHLMC  UNIFORM  INSTRUMENT  WITH  MERS    Initials: _TD_

Form 3816
Amended 5/04

*EXHIBIT "A"*

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Mortgage; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Mortgage.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage

is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due

any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceedings, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, costs of documentary evidence, abstracts and title reports.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, and at any time prior to the expiration of any period of redemption following judicial sale, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

20. **Release.** Upon payment of all sums secured by this Mortgage, Lender shall release this Mortgage without charge to Borrower. Borrower shall pay all official fees in connection with this Mortgage.

21. **Waiver of Dower, Homestead and Distributive Share.** Borrower hereby relinquishes all right of dower and hereby waives all right of homestead and distributive share in and to the Property. Borrower hereby waives any right of exemption as to the Property.

22. **Redemption Period.** If the Property is less than ten acres in size and if Lender waives in any foreclosure proceeding any right to a deficiency judgment against Borrower, then the period of redemption from judicial sale shall be reduced to six months. If the court finds that the Property has been abandoned by Borrower and if Lender waives any right to a deficiency judgment against Borrower, then the period of redemption from judicial sale shall be reduced to sixty days. The provisions of this paragraph 22 shall be construed to conform to the provisions of Sections 628.26 and 628.27 of the Code of Iowa.

I understand that homestead property is in many cases protected from the claims of creditors and exempt from judicial sale, and that by signing this Mortgage, I voluntarily give up my right to this protection for this property with respect to claims based upon this contract.

_____
Borrower/Date

_____
Borrower/Date
TRAVIS C DINNEN

_____
Borrower/Date

_____
Borrower/Date

_____
Borrower/Date

_____
Borrower/Date

_____
Borrower/Date

_____
Borrower/Date

### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

_____ (Seal)          _____ (Seal)
                        -Borrower          TRAVIS C DINNEN                   -Borrower

_____ (Seal)          _____ (Seal)
                        -Borrower                                            -Borrower

_____ (Seal)          _____ (Seal)
                        -Borrower                                            -Borrower

_____ (Seal)          _____ (Seal)
                        -Borrower                                            -Borrower

*(Sign Original Only)*

STATE OF IOWA,                                    POLK                County ss:

On this 20th day of December, 2007, before me, a Notary Public in the State of
Iowa, personally appeared

TRAVIS C DINNEN (UNMARRIED)

to me personally known to be the person(s) named in and who executed the foregoing instrument, and acknowledged that he/she/they executed the same as his/her/their voluntary act and deed.

My Commission Expires:

1-8-08

_____
Notary Public in and for said County and State



Caroline R.Davitt
Commission No . 142038
My Commission Expires:
1-8-08

PAGE 6

### EXHIBIT A

Unit 5008 in The Villas at Orchard Hills, a Horizontal Property Regime, now included in and forming a part of the City of Norwalk, Warren County, Iowa, together with the undivided interest in the general and limited common elements appurtenant to such unit as provided in the Declaration of Submission to Horizontal Property Regime referred to below, and located upon the property described therein, as set forth in Declaration of Submission recorded in Book 2006 Page 3985, and as amended and with and all other interests appurtenant to such units pursuant to said Horizontal Property Regime.

LOAN: 7891316321

# CONDOMINIUM RIDER

THIS CONDOMINIUM RIDER is made this 20TH       day of   DECEMBER       2007 ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage,
Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the
undersigned (the "Borrower") to secure Borrower's Note to
U.S. BANCORP ADVANTAGE LLC .

(the "Lender") of the same date and covering the property described in the Security
Instrument and located at:
601 ORCHARD HILLS DR#5008NORWALK, IOWA 50211
[Property Address]

The Property includes a unit in, together with an undivided interest in the common elements
of, a condominium project known as:
ORCHARD HILLS VILLAS

[Name of Condominium Project]

(the "Condominium Project"). If the owners association or other entity which acts for the
Condominium Project (the "Owners Association") holds title to property for the benefit or
use of its members or shareholders, the Property also includes Borrower's interest in the
Owners Association and the uses, proceeds and benefits of Borrower's interest.

CONDOMINIUM COVENANTS. In addition to the covenants and agreements made in
the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. Condominium Obligations. Borrower shall perform all of Borrower's obligations
under the Condominium Project's Constituent Documents. The "Constituent Documents"
are the: (i) Declaration or any other document which creates the Condominium Project; (ii)
by-laws; (iii) code of regulations; and (iv) other equivalent documents. Borrower shall
promptly pay, when due, all dues and assessments imposed pursuant to the Constituent
Documents.

B. Hazard Insurance. So long as the Owners Association maintains, with a generally
accepted insurance carrier, a "master" or "blanket" policy on the Condominium Project
which is satisfactory to Lender and which provides insurance coverage in the amounts
(including deductible levels), for the periods, and against loss by fire, hazards included
within the term "extended coverage," and any other hazards, including, but not limited to,
earthquakes and floods, from which Lender requires insurance, then: (i) Lender waives the

MULTISTATE CONDOMINIUM RIDER -Single Family/Second Mortgage

VMP-208R (0411)          3/99
Page 1 of 3      Initials:
VMP Mortgage Solutions, Inc.
(800)521-7291



provision in Uniform Covenant 2 for the monthly payment to Lender of the yearly premium installments for hazard insurance on the Property; and (ii) Borrower's obligation under Uniform Covenant 5 to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage provided by the master or blanket policy.

In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, whether to the unit or to common elements, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property, whether of the unit or of the common elements, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Uniform Covenant 9.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the Condominium Project, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the Constituent Documents if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**F. Remedies.** If Borrower does not pay condominium dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

Initials: _____

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Condominium Rider.

_____ (Seal)          _____ (Seal)
　　　　　　　　　　　　　　　-Borrower          TRAVIS C DINNEN        -Borrower

_____ (Seal)          _____ (Seal)
　　　　　　　　　　　　　　　-Borrower          　　　　　　　　　　　　　　　-Borrower

_____ (Seal)          _____ (Seal)
　　　　　　　　　　　　　　　-Borrower          　　　　　　　　　　　　　　　-Borrower

_____ (Seal)          _____ (Seal)
　　　　　　　　　　　　　　　-Borrower          　　　　　　　　　　　　　　　-Borrower

VMP-208R (0411)                    Page 3 of 3                        3/99

| Prepared by: | James V. Sarcone, Jr., 666 Walnut Street, Suite 2000, Des Moines, IA 50309-3989, 515-243-7100 |
|---|---|
| Return to: | James V. Sarcone, Jr., 666 Walnut Street, Suite 2000, Des Moines, IA 50309-3989  515-243-7100 |

## ASSIGNMENT OF MORTGAGE - IOWA

For value received, Mortgage Electronic Registration Systems, Inc. as nominee for  Bancorp
Advantage, LLC, hereby sells, assigns and transfers to the U.S. Bank, National Association, its successors
and assigns, all its right, title and interest in and to a certain mortgage executed by Travis C. Dinnen, to
Mortgage Electronic Registration Systems, Inc. as nominee for Bankcorp Advantage, LLC, and bearing
the date of December 20, 2007 and recorded in the office of the Recorder of Warren County, State of
Iowa, in Book 2007 Page 12174.

Signed the 27th day of May, 2010.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS
NOMINEE FOR BANKCORP ADVANTAGE,
LLC

BY _____
Kara Knable Assistant Secretary

STATE OF Kentucky            )
                             ) ss
COUNTY OF Daviess            )

On this 27th  day of May, 2010 before me a notary public in and for said county, personally
appeared Kara Knable to me personally known, who being by me duly sworn did say that she is Assistant
Secretary of said corporation, that no seal has been procured by the said corporation and that said
instrument was signed on behalf of the said corporation by authority of its board of directors and the said
Assistant Secretary acknowledged the execution of said instrument to be the voluntary act and deed of
said corporation by it voluntarily executed.

_____
Notary Public in and for said State

D:\Firstar\Dinnen\assgn mtg.doc

OFFICIAL SEAL
KATIE STONE
NOTARY PUBLIC - KENTUCKY
DAVIESS COUNTY

Exhibit "C"